IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REINA CASTILLO,<br><br>                Plaintiff,<br><br>v.<br><br>TID, INC. and JOHN DOES I-X,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:18-cv-505-DB<br><br>District Judge Dee Benson |

Before the court is Defendant TID, Inc.'s Renewed Motion to Dismiss. (Dkt. No. 12.) The Motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Facts

The court, as it must, accepts all well-pleaded factual allegations in the Complaint as true for purposes of Defendant's motion. *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).

In her Amended Complaint, Plaintiff alleged that several of her male co-workers made sexual remarks and propositions to her during the course of her employment with Defendant. (Dkt. No. 10.) Plaintiff repeatedly reported this conduct to supervisors, and Defendant failed to properly respond to her complaints. (*Id.*) Following her complaints, Plaintiff's hours were significantly reduced, she was frequently transferred to different crews, and her co-workers

treated her poorly in retaliation. (*Id.* ¶¶ 91-93, 95.) Plaintiff also alleged that "[n]ot all of her time was properly accounted for" and that she was required to drive her own vehicle to job sites and "was not reimbursed for the wear and tear of her car." (*Id.* ¶ 95, 106-07.)

Plaintiff filed a Charge of Discrimination with the Utah Anti-discrimination & Labor Division ("UALD") on September 7, 2017. (Dkt. No. 10, Appx.) In her Charge, Plaintiff stated that she was sexually harassed by a "foreman and a coworker", which "consisted of unwanted sexually oriented comments, innuendos, and propositions." Plaintiff also stated that she was retaliated against "in the form of false accusations of misconduct and a hostile work environment" as well as "ongoing intimidation by the foreman." (*Id.*) In the "Cause of Discrimination" section, Plaintiff checked the boxes for "Sex", "National Origin", "Retaliation", and "Continuing Action." (*Id.*)

## Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the Complaint, and any documents attached thereto,

and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

*Retaliation Claim*

In its Renewed Motion to Dismiss,[1] Defendant argued that Plaintiff failed to exhaust her administrative remedies with respect to retaliatory acts not specifically set forth in her Charge of Discrimination. (Dkt. No. 12.) Prior to filing suit, a plaintiff seeking relief under Title VII must exhaust her administrative remedies by filing a timely charge of discrimination with the appropriate agency. 42 U.S.C. § 2000e-5(f)(3). A plaintiff's failure to file an agency charge of discrimination "regarding a discrete employment incident" allows her employer "to raise an affirmative defense of failure to exhaust." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). A "judicial complaint ... may encompass any discrimination like or reasonably related to the allegations in the administrative charge," and "acts committed pursuant to a pattern of discrimination ... are reasonably related to that complaint." *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997) (quoting *Brown v. Hartshorne Pub. Sch. Dist.,* 864 F.2d 680 (10th Cir.1988)).

The court finds that Plaintiff's allegations in the Amended Complaint are sufficiently related to her Charge of Discrimination so as to satisfy the exhaustion requirements with respect to her retaliation claim. Plaintiff checked the boxes for "Retaliation" and "Continuing Action." Plaintiff stated that she was being harassed and intimidated by her coworkers and a foreman for engaging in protected conduct, and Plaintiff asserted that the mistreatment was ongoing.

---

[1] Plaintiff filed her Amended Complaint (Dkt. No. 10) following Defendant's first Motion to Dismiss. (Dkt. No. 8.) The Amended Complaint is now the operative pleading and Defendant's first Motion to Dismiss is now moot.

Plaintiff's allegations in the Amended Complaint that her hours were reduced as a result of the harassment, that she was moved from crew to crew due to co-worker retaliation, and that Defendant sought to drive her away from her employment are all reasonably related to the allegations in her Charge of Discrimination. Accordingly, Defendant's Motion to Dismiss Plaintiff's retaliation claim for failure to exhaust administrative remedies is DENIED.

*Fair Labor Standards Act Claim*

Defendant also moved to dismiss Plaintiff's Fair Labor Standards Act ("FLSA") claim for failure to satisfy the *Iqbal-Twombly* pleading standard. In her Amended Complaint, Plaintiff alleged that "[n]ot all of her time was properly accounted for," that she was "not reimbursed for the wear and tear of her car" and that she "will need to take advantage of the discovery process" to establish her FLSA claim. (Dkt. No. 10 ¶ 107.)

Plaintiff has failed to adequately plead a FLSA claim. Plaintiff has not provided any facts to establish Defendant's failure to properly pay her wages and overtime, as required by the FLSA. Plaintiff has not provided any facts to show why her employer was obligated to reimburse her for the use of her personal vehicle. Plaintiff must "state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, in order to avail herself of the discovery process. She has failed to do so, and Defendant's Motion to Dismiss Plaintiff's FLSA claim is accordingly GRANTED.

<u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss is hereby DENIED with respect to Plaintiff's retaliation claim and GRANTED with respect to Plaintiff's Fair Labor Standards Act claim.

DATED this 15th day of January, 2019.

BY THE COURT:

_____
Dee Benson
United States District Judge